FREEMAN WOOD and others, appellants,

and

STOVER'S ADMINISTRATORS, respondents.

1. When an objection for want of necessary parties is taken for the first time at the final hearing, the suit will not be arrested unless the detriment to such omitted parties that would be done by proceeding to a decree, would be of a serious character, or unless the decree itself would be of no value to the complainant.

Wood *v.* Stover's administrators.

2. The suit was to re-instate a mortgage which, it was said, had been cancelled by fraud; in the progress of the evidence it appeared that when the bill was filed, the title had been conveyed, by an unrecorded deed, to a person who was not joined as a defendant, who had, pending the suit, conveyed to another person, who likewise was not a defendant, but who had taken title with knowledge of the pendency of the suit; *Held,* that the suit should proceed to a final decree between the parties who were present.

On appeal from a decree of the chancellor, reported in 11 *C. E. Gr.* 56.

*Mr. James Wilson* and *Attorney-general,* for appellants.

*Mr. N. W. Voorhees* and *Mr. J. T. Bird,* for respondents.

THE CHIEF JUSTICE.

It being urged, on the argument, as one of the grounds for the reversal of the decree in this case, that a party necessary to the suit, and to a final decision of its equities, had been omitted, it appears to this court to be advisable to dispose of such question *in limine.*

The bill was exhibited for the re-instatement of a mortgage, the cancellation of which, it is alleged, was procured by the fraud of the appellants, Freeman Wood, and his son William J. Wood. The title to the premises, from which the mortgage in question has been removed, had stood in the name of William J. Wood, and in the bill the title is stated to be thus vested; and this statement is admitted to be true in the answer of both the appellants. But, notwithstanding this concurrence of the pleadings, it was disclosed, in the progress of the testimony, that previous to the commencement of the suit, this title had, in truth, been transferred by William J. Wood to his mother, who, during the pendency of the proceedings, had conveyed the premises to one Oliver Warman. The deed to Mrs. Wood was not recorded when this bill was filed, but the evidence shows that Warman, when he purchased, knew of this suit

and its object, and that he took a guarantee against its consequences so far as they might prove prejudicial to his own interests. It is the absence as parties of Mrs. Wood and Mr. Warman, that constitutes the objection to these proceedings which is now to be disposed of.

Had the present exception to this suit been taken by plea, or otherwise, in the orderly course of the case by these defendants, it is clear that it would have interposed an insuperable bar to the suit until the defect should have been removed. It is plain that Mr. Warman is injuriously affected by the decree which has been made, and which it is the endeavor of the respondents to have affirmed in this court. The decision of the chancellor has called into being a mortgage upon the property now held by this omitted defendant, and has established it as against certain parties under whom he has mediately taken title. Such an encumbrance is manifestly a cloud upon his estate. He has a right to say that he claims under Mrs. Wood, who had title to these premises at the time this suit was begun, and that she was a necessary party. Nor is that objection at all obviated, as was insisted on the argument, by the operation of the 78th section of the chancery act. It is true that Mrs. Wood's deed was not recorded at the time of the filing of the bill, and so far it is brought within the words of this provision; for, although the language is confused and ungrammatical, I am inclined to think that the section in question not only applies to suits for the foreclosure of mortgages, but to all suits affecting real or personal property, an interest in or an encumbrance upon which can be acquired by an instrument capable of being "recorded, registered, entered or filed in any public office in this state;" but the insuperable hindrance to making use of this provision on this occasion is, that this law was enacted long after the commencement of this proceeding. The authorities cited by counsel to the effect that in matters of practice existing suits must be made to conform to such new regulations as the legislature may establish, are not in

any respect relevant, because it is entirely manifest that no such regulation has, in the present instance, been so established; for this act is plainly prospective in its operation. To make it otherwise, a clear intention to that end must be shown; but in this law the language is not expressive of such a design, nor would such a requirement be consistent with the scheme that it introduces. That scheme is to affect, with the chancery suit, all persons who have neglected to have their deeds recorded; but it gives such persons the right to come in and be joined to the suit during its running; but if the act be applied to proceedings then existing, this right of intervening would be, under some circumstances, deplorably illusory, for when a suit should have nearly run its course, the omitted party might find remaining to him but a day or an hour in which to effect his appearance. This enactment, therefore, cannot affect the present question.

But this objection on account of the non-joinder of this absent grantee, was not made by plea, or at any intermediate stage in the procedure, but, for the first time, at the final hearing, and the inquiry, therefore, is, what should be done with it in view of this fact. It is obvious that these defendants have not been disadvantaged by this slip, nor, if such were the case, could they, after their very questionable reserve in their answer, with respect to this unrecorded title, be permitted to interpose this defect as a shield to themselves against a decree, if the equity of the case shall appear to be in favor of the complainant. The only grounds that would justify this court in arresting the progress of this cause at this, its final stage, would be the conviction that the decree, if rendered, would be a nullity, or that it would work a serious injury to the rights of the absent grantee. When the defect of parties is placed under the attention of the court, for the first time, at the hearing, a very different rule of action will be adopted than that which is to be taken as a guide when the exception comes early in the cause; for, in its final stage, it is obviously equitable to come to a decision

Wood *v.* Stover's administrators.

on the merits, so far as is practicable, with a due regard to the essential rights of the omitted party. It is only in the case in which the detriment done to the absent party will be certain and of serious consequence, that the court will refrain from administering equity to the parties litigating; and in some cases of this kind the court has proceeded to a final decree, imposing terms upon the complainant of a nature to guard effectually the utmost rights of the parties who are absent. *Story's Eq. Pl.* § 220. The present litigation embraces a considerable period of time; it has been attended with much expense and trouble; one of the leading witnesses is now dead; if the complainant shall be successful, he will have established the fact of fraud as against his present adversaries, and will be entitled to a decree that will be, on various grounds, as against them, of value to him; while the only objectionable effect of such decree will be to throw, for the time being, a shade over the title of the absent party, but whose substantial rights will not be touched by it, for they can be completely settled on a bill to foreclose the mortgage which it is the object of this suit to re-instate, and, if deemed necessary, the complainant can be required to institute such proceedings within a period which may be designated. Such a decree as this will subject this absent defendant to but a slight inconvenience, while, if the suit should be stopped and the proceedings heretofore taken be set aside, the complainant would suffer a serious detriment; in such a situation, it is obvious that equity requires that the suit, in its present form, should go to a final decree.

I think the cause should be heard upon the merits.

Decree unanimously affirmed.