## Peter C. Cornell et al.

### v.

## John E. Andrews.

Title to lands in this state was derived through a mortgage given to "Joseph D. Beers, president of the North American Trust and Banking Company, his successors and assigns," without words of inheritance. The bill states that the North American Trust and Banking Company was a corporation of the state of New York, and its president, by virtue of the statutes of New York, a corporation sole of that state, and therefore took an estate in fee in said lands, under the mortgage.—*Held*, that the court would not, on an application for a specific performance of a contract to buy such lands, compel the vendee to complete his purchase, because such title was questionable, and therefore not marketable.

Bill for specific performance. On final hearing on bill and answer.

*Mr. R. Gilchrist*, for complainants.

*Mr. C. H. Hartshorne*, for defendant.

The Chancellor.

This suit is brought to enforce specific performance of a con-

Note.—The following cases show what defects in title a court considers doubtful or unmarketable :

That a use had not been executed, *Shapland* v. *Smith*, *1 Bro. C. C. 75;* [this case was disapproved in *Vancouver* v. *Bliss, 11 Ves. 465; Stapylton* v. *Scott, 16 Ves. 274.*]

That a devise included a lease for lives, *Sheffield* v. *Mulgrave, 2 Ves. 526.*

That the premises had been inaccurately described, and their use limited to certain purposes, *Bentley* v. *Craven, 17 Beav. 204; Brookes* v. *Drysdale, L. R. (3 C. P. Div.) 52; Corless* v. *Sparling, L. R. (9 Irish Eq.) 595; Wardell* v. *Trenouth, 24 Grant's Ch. 465; Foley* v. *McKeown, 4 Leigh 627.*

That a devisee in trust of a survivor of several trustees, could exercise a power of sale given to all, and the survivor, his heirs, &c., *Macdonald* v. *Walker, 14 Beav. 556; Wilson* v. *Bennett, 16 Jur. 966, 5 De G. & Sm. 475; Cooke* v. *Crawford, 13 Sim. 91; Hamilton* v. *Buckmaster, L. R. (3 Eq.) 323;*

tract for the salë of land in Hudson county. The price agreed to be paid is $65,000. The defendant, resists on the ground that the title is not such as he ought to be compelled to take; that it is at least a doubtful one. The complainants insist, on the other hand, that their title is good, and free from all reasonable doubt. The objection made to the title is that it is derived under a mortgage given to " Joseph D. Beers, president of the North American Trust and Banking Company," which contained no words of inheritance, but conveyed the property to him, his successors and assigns. The defendant therefore apprehends, and

*Titley* v. *Wostenholme*, 7 *Beav.* 425; *Ashton* v. *Wood*, 3 *Sm. & Giff.* 436; *Stevens* v. *Austen*, 3 *E. & E.* 685; *Osborne* v. *Rowlett*, *L. R.* (13 *Ch. Div.*) 774.

That a deed not delivered, but retained by the vendor until payment of the purchase-money, was an escrow, *Sloper* v. *Fish*, 2 *V. & B.* 146. See *Hull* v. *Noble*, 40 *Me.* 459; *Stark* v. *Wilder*, 36 *Vt.* 752.

That a recovery may be suffered by a tenant in tail of lands, the reversion of which had vested in the crown by the attainder of the reversioner, *Blosse* v. *Clanmorris*, 3 *Bligh* 62.

That a covenant ran with the land, *Bristow* v. *Wood*, 1 *Coll. C. C.* 480; *Smith* v. *Kelley*, 56 *Me.* 64; *Lydick* v. *Baltimore and Ohio R. R.*, 17 *W. Va.* 427.

That a presumption arises from non-payment of tithes, *Rose* v. *Calland*, 5 *Ves.* 186.

That a devise of an undivided moiety and of all of testator's other interest, &c., in the premises, authorizes a sale of the whole tract, *Stapylton* v. *Scott*, 16 *Ves.* 272.

That trustees took a fee or only a fee determinable on the payment of debts and legacies and the death of a legatee, *Collier* v. *McBean*, *L. R.* (1 *Ch. App.*) 81. See *Laurens* v. *Lucas*, 6 *Rich. Eq.* 217.

That the vendor's grantor was a lunatic, his deed being dated February 14th, 1854, and that a commission of lunacy issued in December, 1854, found that he was and had been insane from the month of February or March, 1854, *Francis* v. *St. Germain*, 6 *Grant's Ch.* 636; *Hinchman* v. *Ballard*, 7 *W. Va.* 152. See *Frost* v. *Beavan*, 17 *Jur.* 369; *Elliott* v. *Ince*, 3 *Jur.* (*N. S.*) 597.

That the premises are subject to an easement, *Krousbien* v. *Gage*, 10 *Grant's Ch.* 572; *Boulton* v. *Bethune*, 21 *Id.* 110, 478; *James* v. *Freeland*, 5 *Id.* 302; *Wardell* v. *Trenouth*, 24 *Id.* 465; *Hymers* v. *Branch*, 6 *Mo. App.* 511.

That the terms of the instrument authorizing the sale have not been pursued, *Cooper* v. *Denne*, 1 *Ves.* 565; *Wrigley* v. *Sikes*, 21 *Beav.* 337; *Collard* v. *Sampson*, 16 *Beav.* 543, 4 *De G., M. & G.* 224; *Alexander* v. *Mills*, *L. R.* (6 *Ch. App.*) 124; *Rede* v. *Oakes*, 32 *Beav.* 555, 4 *De G., J. & S.* 505; *Cooper's Case*, *L. R.* (4 *Ch. Div.*) 802.

That a prior conveyance amounted to an act of bankruptcy, *Lewis* v. *Lush*, 14 *Ves.* 547.

Cornell v. Andrews.

is advised that the estate mortgaged was but a life estate. The bill states that the North American Trust and Banking Company was, when the mortgage was given, a corporation of the state of New York, duly created by virtue of and pursuant to a statute of that state passed April 18th, 1838, and entitled, "an act to authorize the business of banking," and that Beers was then its president, and that by virtue of the twenty-fourth section of that act, he, as president, was a corporation sole of the state of New York, and therefore took an estate in fee under the mortgage, notwithstanding the absence of words of inheritance.

That doubts existed whether limitations after an estate for life were contingent remainders or executory devises, *Roake* v. *Kidd*, *5 Ves. 647.*

That an ordinary devise passed estates of which the testator had been trustee, *Marlow* v. *Smith 2 P. Wms. 198.*

That it was questionable whether a trust was executed or executory, *Jervoise* v. *Northumberland, 1 J. & W. 559.*

That an assignment of a term to a mortgagee was protection against a judgment prior to the mortgage, *Freer* v. *Hesse, 4 De G., M. & G. 495.*

That a devise "of all my estates," to the use of three daughters, to be divided in equal shares, and in case of either of them dying, to the children of the decedent, but if no children then to the surviving daughters forever, gives a fee, *Rogers* v. *Waterhouse, 4 Drew. 329.* See *Vreeland* v. *Blauvelt, 8 C. E. Gr. 483.*

That a condition of sale, on a sale by a mortgagee under a power entitling the vendor to rescind the contract in case he should be unwilling or unable to answer any requisition of the vendee as to the title or othewise, is so far depreciatory as to prevent performance, *Falkner* v. *Equitable Society, 4 Drew. 352 ; Cordingley* v. *Cheeseborough, 4 De G., F. & J. 379 ; Jones* v. *Clifford, L. R. (3 Ch. Div.) 779.*

That commissioners authorized by statute to exchange lands of one kind of tenure, can exchange for lands of another, *Minet* v. *Leman, 1 Jur. (N. S.) 410 ; Cattell* v. *Conall, 4 You. & Coll. 228.*

That certain phrases in a will constituted an estate tail, upon which the vendor, by suffering a recovery, could pass the fee, *Willcox* v. *Bellaers, Turn. & R. 491.*

That an executrix having power to mortgage lands for her maintenance, can sell them, *Cook* v. *Dawson, 3 De G., F. & J. 127, 29 Beav. 123.*

That a presumption arises from mere lapse of time, *Emery* v. *Grocock, 6 Madd. 54 ; Barnwall* v. *Harris, 1 Taunt. 430 ; Canston* v. *Macklew, 2 Sim. 242 ; Martin* v. *Cotter, 3 Jon. & La Touche 496 ; Magenius* v. *Fallon, 2 Moll. 566 ; Bolton* v. *School Board, L. R. (7 Ch. Div.) 766 ; Dutch Church* v. *Mott, 7 Paige 77 ; Hillary* v. *Waller, 12 Ves. 239* [denied in *Byrne* v. *Frere, 2 Moll.*

Cornell v. Andrews.

On the hearing, it was further urged that if Beers should not be held to be such corporation sole, it should be held that the .words "Joseph D. Beers, president of the North American Trust and Banking Company," were one of the names of the corporation; and that, in either case, the title in fee passed by the mortgage. In support of these propositions are adduced adjudications of the courts of New York that associations under that act were corporations in fact, and that conveyances to the president were conveyances to the corporation, and also *dicta* of more or less weight, to the effect that those corporations were bi-

177; *State* v. *Franklin Falls Co.*, *49 N. H. 255*]; *Thompson* v. *Millikin*, *9 Grant's Ch. 359*; *Jones* v. *Fulghum*, *3 Tenn. Ch. 193*; *Belmont* v. *O'Brien*, *12 N. Y. 394.*

That mere possession for a long time is sufficient, *Sedgwick* v. *Hargrave*, *2 Ves. Sr. 59*; *Prosser* v. *Watts*, *6 Madd. 59*; *Eyton* v. *Dicken*, *4 Price 303*; *Lewis* v. *Herndon*, *3 Litt. 350*; *Chapman* v. *Lee*, *55 Ala. 616*; *Seymour* v. *De Lancey*, *Hopk. 436*; *Hartley* v. *James*, *50 N. Y. 38*; *McLaren* v. *Irvin*, *63 Ga. 275*; *Shober* v. *Dutton*, *6 Phila. 185*; *Crooks* v. *Glenn*, *8 Grant's Ch. 239*; *Dewitt* v. *Thomas*, *10 Grant's Ch. 21*; *Tillotson* v. *Gesner*, *6 Stew. Eq. 323*; *Beckwith* v. *Kouns*, *6 B. Mon. 222*; *Hightower* v. *Smith*, *5 J. J. Marsh. 542*; *Cunningham* v. *Sharp*, *11 Humph. 116*; *Scott* v. *Simpson*, *11 Heisk. 310.*

That a devise of all of testator's real estate includes an advowson purchased by testator after executing his will, *Weddall* v. *Nixon*, *17 Beav. 160.* See *Lloyd* v. *E. & N. A. R. R.*, *2 Pug. & B. (N. B.) 194*; *Hamilton* v. *Buckmaster*, *L. R. (3 Eq.) 323.*

That an underlease is sufficiently described as a lease, *Darlington* v. *Hamilton*, *Kay 550*; *Madeley* v. *Booth*, *2 De G. & Sm. 718*; *Hayford* v. *Criddle*, *22 Beav. 477*; *Camberwell* v. *Halloway*, *L. R. (13 Ch. Div.) 754*; *Flood* v. *Pritchard*, *8 Rep.-512.*

That an encumbrance remains uncanceled on the record, *Young* v. *Collier*, *4 Stew. Eq. 444*; *Jones* v. *Fulghum*, *3 Tenn. Ch. 193*; *Allen* v. *Atkinson*, *25 Mich. 351*; *Tharin* v. *Fickling*, *2 Rich. 361*; *Kenny* v. *Hoffman*, *31 Gratt. 442*; *Gans* v. *Renshaw*, *2 Pa St. 34*; *Spohn* v. *Ryckman*, *7 Grant's Ch. 388*; *Welsh* v. *Barton*, *24 Ohio St. 28*; *Colwell* v. *Hamilton*, *10 Watts 413*; *Nicol* v. *Carr*, *35 Pa. St. 381.*

That a sale of lands under a partition between three tenants in common in fee and two tenants for life, with remainder to their children, had been made, *Young* v. *Rathbone*, *1 C. E. Gr. 224.* See *Maxwell* v. *Goetschius*, *11 Vr. 383*; *Bumberger* v. *Clippinger*, *5 Watts & S. 311.*

That a written agreement existed to transfer lands bought in at sheriff's sale for the benefit of the vendor, *Dobbs* v. *Norcross*, *9 C. E. Gr. 327.*

Cornell v. Andrews.

nominous, one of their names being the one assumed, and the other that of the president (or other officer designated to hold and convey its land), as such.  By the provisions of that act, mortgages or other conveyances of real estate to the association were not to be made to it, but to the president, or such other officer as should be indicated for the purpose in the articles of association; and it was further provided that the president, or such other officer and his successors, from time to time, might sell, assign and convey the same, free from any claim thereon against any of the shareholders or any person claiming under

That there were doubts whether lands were conveyed for the use of a particular church (the vendor), or for all the churches in the same town, *St. Mary's Church* v. *Stockton, 4 Hal. Ch. 520.*

That the lands agreed to be sold were not within a testamentary power of sale, *Chambers* v. *Tulane, 1 Stock. 146.*

That a power of sale was a personal trust in the executor, and could not be exercised by *his* executor, *Chambers* v. *Tulane, 1 Stock. 146; Dominick* v. *Michael, 4 Sandf. 374.*

That a *lis pendens* was filed after part of the consideration had been paid and possession taken by the vendee, *Earl* v. *Campbell, 14 How. Pr. 330; Pratt* v. *Bull, 4 Giff. 117, 1 De G., J. & Sm. 141; Bull* v. *Hutchens, 32 Beav. 615.*

That the boundary lines are in dispute, *Voorhees* v. *De Myer, 3 Sandf. Ch. 614.*  See *Walsh* v. *Hall, 66 N. C. 233; Tamplin* v. *James, L. R. (15 Ch. Div.) 215; Bruck* v. *Tucker, 42 Cal. 346.*

That one of the deeds in the chain of title is not genuine, *Seymour* v. *De Lancey, Hopk. 436; 5 Cow. 714.*

That there is a failure of title as to an undivided portion of the lands, *Bates* v. *Delavan, 5 Paige 299; Arnold* v. *Arnold, L. R. (14 Ch. Div.) 270; Ashton* v. *Wood, 3 Sm. & Giff. 436; Evans* v. *Kingsberry, 2 Rand. 120; Bailey* v. *James, 11 Gratt. 468; Hendricks* v. *Gillespie, 25 Gratt. 181; Curran* v. *Little, 3 Grant's Ch. 250; Luckett* v. *Williamson, 31 Mo. 54; Buchanan* v. *Alwell, 8 Humph. 516; Terrell* v. *Farrar, Walk. (Miss.) 417; Love* v. *Camp, 6 Ired. Eq. 209; Swepson* v. *Johnston, 84 N. C. 449; Bader* v. *Neal, 13 W. Va. 373; Goddin* v. *Vaughn, 14 Gratt. 102;* or, of one of several lots purchased together, *Mott* v. *Mott, 68 N. Y. 246.*  See *Osborne* v. *Bremar, 1 Desauss. 486.*

That there was a mistake in the description of the lands contained in a former conveyance, *Smith* v. *Turner, 50 Ind. 367.*

That a suit against the vendor as a surety on an official bond, had been begun after part payment of the purchase-money and possession by the vendee, *Snyder* v. *Spaulding, 57 Ill. 480.*  See *Secrest* v. *McKenna, 1 Strobh. Eq. 356.*

That a lien for military services was prior in time to a title by pre-emption, *Kelly* v. *Bradford, 3 Bibb 320.*  See *Palmer* v. *Locke, L. R. (18 Ch. Div.) 381.*

them. It is insisted, on behalf of the complainants, that it is incumbent on this court to pass upon and decide, for the purposes of this litigation, the question raised in defence—whether the mortgage, which is the foundation of the title, conveyed an estate in fee or only for life. If such decision would have the force and effect of an adjudication in a direct proceeding for the purpose, and be an end of controversy on the subject, and establish the title, the court might well proceed to the determination of the question; but this suit is a proceeding *in personam* merely, and will bind those only who are parties to it. " It is a

That there were two rival claimants to the lands by pre-emption, *Young* v. *Lillard, 1 A. K. Marsh. 481.*

That there had been possession of lands for twenty-seven years, under a paper-writing acknowledging that one tenant in common had sold his interest to another, *Owings* v. *Baldwin, 8 Gill 337.*

That a guardian had sold the lands, and his deed was not executed or delivered until after the time limited in the order of sale, *Richmond* v. *Gray, 3 Allen 25.*

That the heirs of an owner of the equity of redemption of lands, who took an assignment of the mortgage to himself as trustee, had not shown a discharge thereof, *Sturtevant* v. *Jaques, 14 Allen 523.*

That there are doubts whether a proviso in a deed creates a condition or a restriction, *Jeffries* v. *Jeffries, 117 Mass. 184.* See *Whitlock's Case, 32 Barb. 48; Post* v. *Weil, 8 Hun 418.*

That the vendor's title was under a sheriff's sale against one who had sold the lands two years before such sheriff's sale, but his vendee's deed was not recorded until after the sheriff's, *Speakman* v. *Forepaugh, 44 Pa. St. 363.*

That there was a defect in one of several leases included in the contract, *Freetly* v. *Barnhart, 51 Pa. St. 279.* See *Camberwell Society* v. *Holloway, L. R. (13 Ch. Div.) 754.*

That lands of a wife had been sold under a judgment confessed by the husband and wife, *Swayne* v. *Lyon, 67 Pa. St. 436.*

That lands of an infant had been sold under a partition, in which no guardian was appointed for such infant, *Swain* v. *Fidelity Trust Co., 54 Pa. St. 455; Vail* v. *Nelson, 4 Rand. 478.*

That lands sold to a vendee had been afterwards sold under execution on a prior judgment by confession by the vendor, waiving an inquisition, *Kostenbader* v. *Spotts, 80 Pa. St. 430.* See *Massey* v. *McIlwain, 2 Hill's Ch. 421.*

That a building restriction was not removed by a subsequent judicial sale for taxes, *Lesley* v. *Morris, 9 Phila. 110.* See *Boyd* v. *Schlesinger, 59 N. Y. 301.*

That a deed executed in trust to the vendor for the purpose of satisfying his vendor's creditors, did not specify which creditors, *Butler* v. *O'Hear, 1 Desauss. 382.*

Cornell *v.* Andrews.

great, though perhaps a common mistake," said the court, in *Pratt* v. *Eby, 67 Pa. St. 396*, " to suppose that a doubtful title can be made marketable by an opinion of a court in a case stated between vendor and vendee." The real question to be decided in this case is whether the title which the complainant offers is a marketable one. If it is such a- title as would be questionable, the court ought not to force it on the unwilling purchaser, even though, in its opinion, it would, on litigation, be sustained. Obviously, for the considerations before presented, the decision of the question in this suit would be

That six co-heirs informally partitioned their ancestor's estate, one planta_tion falling to C.; that no conveyances were made, and afterwards W., one of the co-heirs, died, leaving an infant heir, *Thompson* v. *Dulles, 5 Rich. Eq. 270.*

That a lien was insignificant and stale, *Belmont* v. *O'Brien, 12 N. Y. 394.* See *Kimball* v. *Took, 64 Ill. 380, 70 Ill. 553 ; Richards* v. *Mercer, 1 Leigh 125.*

That the vendor cannot give a good title until a pending suit is determined in his favor, *Parsons* v. *Gilbert, 45 Iowa 33 ; Johnston* v. *Jarrett, 14 W. Va. 230.*

That one of vendor's former title deeds has the grantor's name in the body of the deed "Edward," and is acknowledged as " Edward," but signed " Edmund," *Middleton* v. *Findla,.25 Cal. 76.*

That a judgment against a former owner, although satisfied, still remains on the record, and that a third person is in possession of part of the premises, although only a squatter, *Hoyt* v. *Tuxbury, 70 Ill. 331.* See *McHugh* v. *Wells, 39 Mich. 175 ; Blakemore* v. *Kimmons, 8 Baxt. 470 ; King* v. *Knapp, 59 N. Y. 462.*

That the title is derived through a defective chancery proceeding against unknown heirs, *Tevis* v. *Richardson, 7 Mon. 654.*

That an amendment to vendor's bill had been proposed to prove that a deed had been acknowledged and recorded properly, although not so appearing on its face, *Bartlett* v. *Blanton, 4 J. J. Marsh. 426.*

That a statement in a deed that certain persons conveying lands by order of a court are the heirs of one who died seized, did not also state that they are the *only* heirs, *Barnett* v. *Higgins, 4 Dana 565.*

That lands taken by municipal authority for a park, and paid for by bonds issued therefor, which are declared by statute to be a lien on such lands, can be sold in fee, free from that lien, because such lands were not afterwards included within the park, *Brooklyn Park* v. *Armstrong, 45 N. Y. 234.*

That the certificate annexed to one of the title deeds fails to set out that the official taking the acknowledgment was personally acquainted with the grantor, *Mullins* v. *Aiken, 2 Heisk. 535 ; Fryer* v. *Rockefeller, 63 N. Y. 268.* See *Brown* v. *Witter, 10 Ohio 142 ; Ludlow* v. *O'Neil, 29 .Ohio St. 181.*

That a devise of the premises was to W. for life, then to W.'s sons for their

Cornell v. Andrews.

but the opinion of this court on the subject, which would still be open to litigation by parties claiming adversely to the title. It is conceded that on its face, and in the absence of the construction contended for by the complainants, the mortgage, for the want of words of inheritance, conveyed only a life estate. The answer admits that the North American Trust and Banking Company was a corporation under the before-mentioned statute, and that Beers'was its president, but it denies that a greater estate than a life estate passed by the mortgage. The title to real estate can only be acquired, passed and lost according to the

lives, remainder to their children in fee. W. survived the testator, and at his death the lands devised were divided among his sons, J., the vendor, being one, *Lowry* v. *Muldrow, 8 Rich. Eq. 241.* See *Miller* v. *Macomb, 26 Wend. 229; Williamson* v. *Field, 2 Sandf. Ch. 533; Kelso* v. *Lorillard, 85 N. Y. 177.*

That infant's land sold under a decree was bought by the infant's next friend, who sold it, and through a subsequent purchaser complainant became the owner, *Collins* v. *Smith, 1 Head 251.*

That lands were sold for partition without notice to the heirs, *Littlefield* v. *Tinsley, 26 Tex. 353; Martin* v. *Porter, 4 Heisk. 407; Shields* v. *Allen, 77 N. C. 375.*

That a deed for one-sixth of the premises cannot be found, *Griffin* v. *Cunningham, 19 Gratt. 571.* See *Thompson* v. *Millikin, 9 Grant's Ch. 359.*

That a tenant by the curtesy sold the fee, and the sale had been confirmed by court as to remaindermen, *Linkous* v. *Cooper, 2 W. Va. 67.* See *Bage* v. *Millard, 12 N. Y. Leg. Obs. 57; Oliver* v. *Dix, 1 Dev. & Bat. Eq. 158; Cody* v. *Gale, 5 W. Va. 547.*

That a devise was to a daughter for her sole and separate use, notwithstanding any future coverture, with a power of testamentary disposition, and she married, and with her husband conveys the fee, *Starnes* v. *Allison, 2 Head 221.*

That the sale was by a tenant for life and a contingent remainderman, *Sohier* v. *Williams, 1 Curtis C. C. 479.* See *De Saussure* v. *Bollman, 7 Rich. (N. S.) 329.*

That lands had been sold by a sheriff and a deed delivered therefor, although such sale was defective, *Morgan* v. *Morgan, 2 Wheat. 290.*

That the lands out of which the ground rent sold issued, had been encumbered by taxes, *Mitchell* v. *Steinmetz (Pa.), 24 Alb. L. J. 197.*

That one who had been seized and had never legally conveyed the premises, had estopped himself to claim title by encouraging the vendee to purchase the premises, *Mullins* v. *Aiken, 2 Heisk. 535.*

That an inchoate right of dower of one of the vendor's predecessors in title had not been released, except by the vendor's statement as a witness, *Coray* v. *Mathewson, 7 Lans. 80.*

*lex rei sitœ*, and a party must have a capacity to take according to the law of the *situs*, otherwise he will be excluded from all ownership. *Story's Confl. of L.* §§ *428, 430.* The question whether the mortgage was in fact given to a corporation, whether aggregate or sole, or to a natural person, is one to be determined by our courts, and until it shall have been so decided in a direct proceeding, the title will be subject to an objection materially affecting its marketable value. The exercise of equity jurisprudence respecting the specific performance of contracts is not a matter of right in either party, but of sound and reasonable dis-

---

That a prior deed contains a power in trust that may be exercised, *Ford* v. *Belmont,* 7 *Rob.* (*N. Y.*) 97, 508.

That a person having an interest in the premises has been absent and not heard from for more than seven years, *McDermot* v. *McDermot, 3 Abb. Pr.* (*N. S.*) *451.*

That a defect in a lease agreed to be assigned cannot be cured by the assignee procuring the reversion, *Bensel* v. *Gray, 12 Jones & Spen.* (*N. Y.*) *372; 62 N. Y. 632, 80 N. Y. 517.* See *Mayer* v. *Adrian, 77 N. C. 83.*

That the premises had been sold for taxes assessed pending a litigation between the vendor and vendee over the premises, *Wilson* v. *Tappan, 6 Ohio 120.*

That executors had a questionable power of sale, and that one of them had refused to join in the deed, *Finley* v. *Burgoyne, Dud.* (*S. C.*) *Eq. 133.*

That a deed of trust had been executed to the sole use of M. for life, with a power of testamentary disposition, and in default thereof in trust for M.'s next of kin, with power in the trustee to sell and re-invest, subject to the same trusts. The trustee sold and re-invested in lands, the deed for which expressed no trusts. M. sold the lands in fee, and the trustee released all his interest in the premises, *Monaghan* v. *Small, 6 Rich.* (*N. S.*) *177.*

That the premises were liable for an uncertain amount of dues to a building association, which could not be ascertained without a suit in equity and an account, *Christian* v. *Cabell, 22 Gratt. 82.*

That a testator's will contains a devise of the premises, "after my just debts are paid," *Garnett* v. *Macon, 2 Brock. 185.*

The case of *Pyrke* v. *Waddingham, 10 Hare 1,* was approved in *Mullings* v. *Trinder, L. R.* (*10 Eq.*) *449,* so far as the principles there laid down extend, but, under precisely the same facts, a specific performance was decreed. It was also limited in *Bull* v. *Hutchens, 32 Beav. 619.*

If necessary, the court may inquire into matters of fact, *Smith* v. *Death, 5 Madd. 370; Lyddal* v. *Weston, 2 Atk. 19; Braybroke* v. *Inskip, 8 Ves. 417; Burroughs' Case, L. R.* (*5 Ch. Div.*) *601; Lowes* v. *Lush, 14 Ves. 547; Spencer* v. *Topham, 22 Beav. 573; Hayes* v. *Harmony Grove, 108 Mass. 400; Seymour*

cretion in the court. *Story's Eq. Jur.* § *742*. And the court, in the exercise of that discretion, will not compel a party to take a title which may expose him to litigation, even though it may believe the title to be good. *Pyrke* v. *Waddington, 10 Hare 1 ; Dobbs* v. *Norcross, 9 C. E. Gr. 327 ; Fry on Spec. Perf.* § *573 ; Waterman on Spec. Perf.* § *412,* and cases cited. Said the court, in *Tillotson* v. *Gesner, 6 Stew. Eq. 313 :*

"The true rule is stated in *3 Pars. on Con. (6th ed.) *380,* that if the character of the title be doubtful, although the court were able to come to the conclusion that on the whole a title

---

v. *De Lancey, Hopk. 436 ; Schermerhorn* v. *Niblo, 2 Bosw. 161; Winne* v. *Reynolds, 6 Paige 407 ; Miller* v. *Macomb, 26 Wend. 229 ; Murray* v. *Harway, 56 N. Y. 337.*

Specific performance has been refused even after an issue on the very title had been sent to the King's Bench and decided, *Sheffield* v. *Mulgrave, 2 Ves. 526 ; Morrison* v. *Barrow, 1 De G., F. & J. 633.* See *Rushton* v. *Craven, 12 Price 599 ; Rose* v. *Calland, 5 Ves. 186 ; Seymour* v. *De Lancey, Hopk. 436, 5 Cow. 714 ; Stevens* v. *Austen, 3 E. & E. 685 ; Jeakes* v. *White, 6 Exch. 873 ; Simmons* v. *Heseltine, 5 C. B. (N. S.) 554.*

The late English rule seems to be that the court of appeal, in a case before it, will decide on the validity of the vendor's title, and, irrespective of the decree below, direct a conveyance or not accordingly. *Beioley* v. *Carter, L. R. (4 Ch. App.) 230 ; Sheppard* v. *Doolan, 3 Dr. & War. 1 ; Bell* v. *Holtby, L. R. (15 Eq.) 178 ; Bull* v. *Hutchens, 32 Beav. 619 ; Radford* v. *Willis, L. R. (7 Ch. App.) 7 ; Alexander* v. *Mills, L. R. (6 Ch. App.) 124 ; Wrigley* v. *Sikes, 21 Beav. 348 ; Cook* v. *Dawson, 3 De G., F. & J. 127.* See, further, *Osborne* v. *Rowlett, L. R. (13 Ch. Div.) 774 ; Palmer* v. *Locke, L. R. (18 Ch. Div.) 388 ; Sedgwick* v. *Hargrave, 2 Ves. Sr. 59 ; Parkin* v. *Thorold, 16 Beav. 67 ;* also *Goss* v. *Singleton, 2 Head 67 ; McClure* v. *Harris, 7 Heisk. 379 ; Smith* v. *Estes, 72 Mo. 310 ; Dominick* v. *Michael, 4 Sandf. 374 ; O'Reilly* v. *King, 2 Rob. (N. Y.) 587 ; Kelso* v. *Lorillard, 85 N. Y. 177 ; Ludlow* v. *O'Neil, 29 Ohio St. 181 ; Jackson* v. *Ligon, 3 Leigh 161.*

Where the lands are in this state, although the defendant is a non-resident, specific performance may be decreed, *Telfair* v. *Telfair, 2 Desauss. 271 ; Matteson* v. *Scofield, 27 Wis. 671.*

The validity of a mortgage on lands is to be determined by the *lex rei sitæ,* although both of the parties thereto may be non-residents, *Goddard* v. *Sawyer, 9 Allen 78 ; Hosford* v. *Nichols, 1 Paige 220 ; Lyon* v. *McIlvaine, 24 Iowa 9 ; Thayer* v. *Marsh, 11 Hun 591.* See *1 Jones on Mort.* §§ *656–663.*

Where a creditor resides or is found in this state, with deeds in his possession for lands in New York, deposited in that state (where such deposit constitutes an equitable mortgage), he will not be compelled to surrender

Cornell *v*. Andrews.

could be made that would not probably be overthrown, this would not be good enough, for the court have no right to say that their conclusion or their opinion would bind the whole world, and prevent an assault on the title. The purchaser should have a title which shall enable him not only to hold his land, but to hold it in peace, and if he wishes to sell it, to be reasonably sure that no flaw or doubt will come up to disturb its marketable value. The court cannot satisfactorily or conclusively

them until the debt is paid, *Griffin* v. *Griffin*, *3 C. E. Gr. 104;* *Varden Seth Sam* v. *Luckpathy Royjee Lallah*, *9 Moo. Ind. App. 303.*

A mortgage to A, " his executors, administrators and assigns," conveys only a life estate, *Clearwater* v. *Rose*, *1 Blackf. 137.*

A mortgage executed in New York, where the mortgagee resided, on lands in Massachusetts, to him, " his successors and assigns forever," conveys only a life estate, *Sedgwick* v. *Laflin*, *10 Allen 430.*

A mortgage of lands in New Jersey, drawn in New York, to executors, " their successors and assigns," containing the usual clause, conveying all the mortgagor's estate, right, title and interest, and recorded in full, is notice to a subsequent encumbrancer that such mortgage was intended to convey the fee, *Bunker* v. *Anderson*, *5 Stew. Eq. 35.*

Such a mortgage may be reformed, *Wilson* v. *King*, *12 C. E. Gr. 374.* See *Wheeler* v. *Kirtland*, *8 C. E. Gr. 13, 9 C. E. Gr. 532 ;* *Fish* v. *New York Co.*, *2 Stew. Eq. 16, 610;* even against a third person who acquires rights with notice, *Gale* v. *Morris*, *2 Stew. Eq. 222, 3 Id. 285.*

By the law of Ohio, a married woman over eighteen years old may contract. A mortgage on lands in Ohio, executed by a non-resident married woman over eighteen, but under twenty-one, was held good, although by the law of her domicil she was incapable of contracting, *Sell* v. *Miller*, *11 Ohio St. 331.* See *Thompson* v. *Ketchum*, *8 Johns. 189.*

A mortgage on lands in Kentucky, executed during the war by a citizen of Tennessee to a citizen of Kentucky, is void, *Hyatt* v. *James*, *2 Bush 463.*

A mortgage on lands in Wisconsin was given to a bank in New York by its corporate name.—*Held*, good, although the statutes of New York provide that all conveyances of real estate should be made to the president. An assignment of such mortgage by " R. R. K, President of the Farmers' Bank of Saratoga County, New York," duly executed and acknowledged by him as president, with the corporate seal attached, was also held good, *Kennedy* v. *Knight*, *21 Wis. 340.*

A court of the state of New York, where a mortgage on lands in Colorado was executed, giving a power of sale in New York in case of default, will not enjoin such sale after default, on a mere allegation that such power is void, no statute of Colorado being shown which prohibits such sale, *Central Gold Mining Co.* v. *Platt*, *3 Daly 263.*—REP.

settle a title in the absence of parties who are not before them in the suit to assert their estate or interest in the land."

It is quite clear that if this court were to compel the defendant to take the title in question, it would have no judicial certainty that he would not be subject hereafter to litigation to test before other tribunals, in direct proceedings, the very question which it would have decided in this suit. Much less could it be certain that he would not be embarrassed in disposing of the property to purchasers by the apparent defect of estate which he now urges in his defence. Under such circumstances, a decree of specific performance should be denied.