Cornell and Douglass v. Andrus.

PETER C. CORNELL and ANDREW E. DOUGLASS, trustees &c.,
appellants,

*v.*

JOHN E. ANDRUS, respondent.

On bill for specific performance of an agreement for the purchase and sale of land, where the defendant's refusal to perform is based on alleged defects in the complainants' title, full statement and proof of the title will be required.

On appeal from a decree of the chancellor, whose opinion is reported in *Cornell* v. *Andrews, 8 Stew. Eq. 7.*

*Mr. Robert Gilchrist,* for appellants.

*Mr. C. H. Hartshorne,* for respondent.

The opinion of the court was delivered by

SCUDDER, J.

The bill in this case was filed by the appellants for a specific performance by the respondent of an agreement in writing, dated September 17th, 1881, for the purchase and sale of a certain plot or parcel of land at Constable Point, in the city of Bayonne, county of Hudson, and state of New Jersey, particularly described therein, for the price of $65,000. A deed was prepared and tendered November 1st, 1881, according to the terms of the agreement, but the respondent refused to accept the same, and pay and secure the purchase-money, because he was advised that the title of the appellants was not a legal title in fee simple.

The defect insisted on is that the appellants' title to the land was derived under a mortgage given by Thomas E. Davis and Anne, his wife, to " Joseph D. Beers, the president of the North American Trust and Banking Company," dated November 14th, 1838, to secure twelve bonds, to several obligors, amounting to the sum

21

of $170,000. This mortgage was foreclosed in the year 1843, and under the decree a sale was made to a remote grantor of the appellants in the same year (1843).

The defendant, in his answer, admits the material stating parts of the bill, but insists that the mortgage made by Thomas E. Davis and wife to Joseph D. Beers, the president of said The North American Trust and Banking Company, conveyed a life estate only to said Beers, and that, therefore, the title which passed by the subsequent decree of foreclosure and sale, and the sale founded upon said mortgage, was a life-estate only in said lands, and that the complainants have no other or greater estate in said lands.

The complainants charge in their bill of complaint that by an act of the legislature of the state of New York, entitled "An act to authorize the business of banking," and especially by the twenty-fourth section of said act, Joseph D. Beers, president of the North American Trust and Banking Co., was at the date of the above-named mortgage, under which they claim title, a corporation *sole* of the state of New York, and by the law of the state of New Jersey, took a fee simple by said mortgage without any further limitation of estate than is contained in the said mortgage to his successors and assigns. The case was heard before the chancellor, on the bill and answer, with no evidence but that of the law of New York authorizing the business of banking; and a specific performance of the agreement was denied because there was no certainty that the defendant would not be subject hereafter to litigation to test before other tribunals, in direct proceedings, the very question which the court was asked to decide in this suit; and because it could not be certain that he would not be embarrassed in disposing of the property to purchasers by the apparent defect of estate which he urges in his defence.

The only statement of title made in the bill is that the mortgage was assigned in writing under seal, December 15th, 1840, by Thomas Talmage, president of the North American Trust and Banking Co., the successor in office of Joseph D. Beers, to Thomas G. Talmage, Henry Yates and William Curtis Noyes,

Cornell and Douglass *v.* Andrus.

and a foreclosure suit was commenced by these assignees in our court of chancery against the Bergen Point Co., to whom Davis and wife had conveyed the mortgaged premises; and that such proceedings were thereupon had, that the premises were sold to satisfy the mortgage, to purchasers from whom the complainants, by many mesne conveyances, derive their title. This is followed by the paragraph:

"It is unnecessary to state said decree, foreclosure or said conveyance, inasmuch as there is no dispute between your orators and said Andrus as to said title, except upon the point stated above."

There is no doubt that if these proceedings were in ordinary form, and all subsequent purchasers and encumbrancers were made parties to the bill, the title under the mortgage foreclosed would be perfected so that the purchaser would acquire the title of the mortgagee and also the title of the mortgagor as it stood at the time of the making of the mortgage, according to its terms. It is also manifest that in these proceedings the title of the mortgagee passed through the court, and may have been settled in such form that this court would feel it right to agree with the adjudication.

It is certainly important that this court, in deciding a question of such great importance to the many persons who have become interested in this title, not only by the conveyance of the lands involved in this controversy, but of other lands under the same title, should have before it a distinct statement and proof of the complainants' title as it may be found in the proceedings for foreclosure and the decree, sale and conveyance thereunder. This matter has not had, in the opinion of the respective counsel of the parties, the importance which has impressed itself on us, nor was the attention of the court below called particularly to it. We are not willing to cast doubt on this title to the detriment of many persons who are largely interested under it, or, on the other hand, to compel the defendant to complete this large purchase without having the opportunity afforded us of examining the complainants' title. In order that the judgment of this court may have the influence which it ought to have, and would doubtless have in quieting this title, if a specific performance should

be decreed, it is essential that the complainants should make full proof of their title, and especially of the proceedings for foreclosure of the mortgage and sale under which they claim. A decree here should be based on such proof, and not on the admissions of counsel, which may not be satisfactory to others.

Without, therefore, intimating any opinion whether this title is doubtful or sufficiently certain to compel a specific performance of this agreement, it will be ordered, for want of sufficient proof of complainants' title, that the decree denying the complainants' relief on the bill and proofs be affirmed, without costs, and without prejudice to filing a new bill, or to an application to amend.

For affirmance — THE CHIEF-JUSTICE, DEPUE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, COLE, GREEN, KIRK, PATERSON, WHITAKER—12.

For reversal—PARKER—1.