Specific performance to compel a vendee to perform his contract to purchase. The vendee answers that the title is encumbered and therefore not marketable and counter-claims for his down money. He purchased the property to be used for dyeing and dressing furs, and the vendor knew it. The title is subject to a restriction that the owner will not erect upon any part of the premises, inter alia, any manufactory for the tanning, dressing or preparing of skins, hides or leather. The property formerly was part of the Rutherford Park Association plot, mapped out into streets and lots, and the restriction was uniformally imposed by the association on grantees of lots, as a community scheme. There were a few exceptions. The restriction was by covenant of the grantee with the association, "its successors and assigns," that he would not erect any of the prescribed structures without the written consent of the association under its corporate seal. In avoidance of the defense the vendor contends that the covenant was personal to the association, and does not inure to the association's grantees of other lots. A true construction *Page 85 
of the covenant may not bear this out. The court of errors and appeals held to the contrary in Helmsley v. Marlborough HouseCo., 68 N.J. Eq. 596. Also, that it was not a community scheme because it was not universal — the association having in a few unrelated instances conveyed lots without exacting the covenant from its grantees. That may be so (Scull v. Eilenberg, 94 N.J. Eq. 759) but it is doubtful, at least questionable. And, that the scheme has been waived and abandoned, because on other streets on the plot, remote from the premises in question, a coal yard, blacksmith shops, a livery stable, garage and a brewery have from time to time been tolerated. The fact that the association broke faith with its purchasers in not including the covenant in all deeds, and that violations of the covenant in the instances cited, not in the immediate neighborhood of the vendor's property, were unrestrained by the association, could perhaps be raised against the association if it sought to prevent further infraction, but that an estoppel could be pleaded by the present vendee, against his neighbor's objection to his fur dressing business, if it should be decreed to perfect the contract, and he should engage in the objectionable trade, is not at all certain. The distinction is pointed out in Dettsloff v.Hockstetter, 96 N.J. Eq. 391. See, also, Barton v. Slifer,72 N.J. Eq. 812; Brigham v. Mulock Co., 74 N.J. Eq. 287. Now, all that the vendor asserts may eventually materialize, but the title cannot be vindicated of the aspersions in this suit; that can be done only in a suit against the other lot owners, or in one by them for an invasion of the covenant, and the vendee is not to be called upon to offer himself as a victim of litigation by compelling him to make the purchase, or a sacrifice, if later judicial view shall not accord with the vendor's contention. It is the vendor's duty to sweep the house. Where the question of the marketability of a title, sought to be imposed upon a vendee, is reasonably debatable, in a court of justice, in point of law or fact, specific performance will be denied. Smith v. Reidy,92 N.J. Eq. 586.
The prayer of the bill will be denied and that of the counter-claim sustained. *Page 86