Mary A. Williams conveyed the land in question to Rose Leslie in fee. It would appear, although it does not appear by the deed, that it was conveyed in trust for Mary during her lifetime and after her decease to her husband and a grandchild, Grace Alice Williams, an infant, eleven years old. Rose Leslie mortgaged the premises to Frank Leslie who assigned to the complainant. The complainant foreclosed against Rose Leslie and her husband and Frank Leslie, and the property was sold to one Lullman and the sale was confirmed. The delivery of the sheriff's deed was stayed on this application. The infant, by her guardian, petitions to set aside the sale, and to open the decree, and for leave to intervene as a party defendant.
The infant has no defense to the complainant's mortgage and none is asserted. The infant's equity was latent, and the complainant was without notice, and that is conceded.
The real purpose of this motion is to obtain a resale, the claim being that the property is worth $6,500; it sold for $2,675. The sale was regular and is not to be disturbed for inadequacy of price.
The infant's equity of redemption was not foreclosed. She is not a party to the suit. The decree bars the right of the trustee only. It cannot bar the cestui que trust, unless she be a party to the suit, though her interest was unknown to the complainant. Her right, however, may be defeated by the intervening rights of a bona fide purchaser for value at the sale in foreclosure.Pancoast v. Geishaker, 58 N.J. Eq. 537. Lullman is not such a purchaser. He has not paid the purchase price. Haughwout v.Murphy, 22 N.J. Eq. 531. And with the notice he now has, he cannot gain the protection of an innocent purchaser if he pays. *Page 566 
The infant has a remedy by bill to establish her trust and to redeem the mortgage. She could not intervene in this suit under the common practice. Dan. Ch. Pr. (5th ed.) 275n. She does not come within section 58 of the Chancery act (Comp. Stat.p. 432) nor would her claim have been within section 29 of that act, now repealed by the act of 1915. P.L. p. 184. Now, by rule 12 of the court, the chancellor may "at any stage of the proceedings * * * order * * * any party * * * whose presence is necessary to a complete determination of the controversy, to be added." The rules are by virtue of the statute just cited. The discretion should be exercised to protect the infant and to avoid a multiplicity of suits.
The infant will be admitted as a party defendant and the decree will be opened for that purpose. She will be required to file her counter-claim to redeem within thirty days and pay the amount due the complainant. Upon failure a decree barring her will be entered and the sale ordered consummated. This course is taken to speedily protect the complainant and the purchaser as well as the infant. For the infant it is justified under equity practice.Wood v. Stovers Admrs., 28 N.J. Eq. 248. If the motion should be denied and the infant left to her bill to establish the trust and to redeem, the purchaser's title would meanwhile rest under a cloud. He may also refuse to take title, to the delay of the complainant. *Page 567