This is an action for specific performance brought by the vendor. The vendee answers that the title is not marketable because the beneficiaries of a certain trust were not parties to a foreclosure suit, through which comes the title of complainant.
In 1928, Ralph Haarlander, being the owner of the premises in question, made a conveyance of all his property to Llyle B. Reeb and two others, trustees appointed by a committee of his creditors. The deed ran to the grantees in trust to take possession, sell, convert into money, and with the proceeds to pay all debts and liabilities then due or to grow due from the grantor. Thereafter, the Fabian Building and Loan Association foreclosed a mortgage which was a lien on the property at the time of the conveyance to the trustees. In the foreclosure suit, there were several defendants, including *Page 283 
the three trustees, but the general creditors of Haarlander were not joined. The defendant in the specific performance suit takes the position that Haarlander's creditors were the beneficiaries of the deed to Reeb and others, as trustees, and since they were not parties to the foreclosure, their equity of redemption has not been cut off.
It is well settled that a cestui que trust is generally a necessary party to a mortgage foreclosure and is not barred of his right to redeem by a decree against his trustee. FirstNational Bank v. Leslie, 106 N.J. Eq. 564; Bank of Montclair
v. Mallas, 120 N.J. Eq. 611; 121 N.J. Eq. 266. But there are exceptions. "It cannot be doubted that under some circumstances a trustee may represent his beneficiaries in all things relating to their common interest in the trust property. He may be invested with such powers and subjected to such obligations, that those for whom he holds will be bound by what is done against him as well as by what is done by him." Kerrison v. Stewart, 3 Otto155; 23 L.Ed. 843.
Haarlander's general creditors, as such, had no interest in the land and were not proper parties to the foreclosure. Their only standing was their equitable title springing from the deed to the trustees. The deed did not create a mere dry trust, for the trustees were given full control of the land and its disposition. It is likely that the building and loan association, when it instituted foreclosure, knew, or could have learned, the names of Haarlander's principal creditors, but it is not to be supposed that it could have ascertained with assurance the names of all. It would be a very inconvenient rule to require that creditors be made defendants to the foreclosure, and would cast a severe burden on any mortgagee where subsequent to the mortgage a deed of assignment of this kind was made. Doubt would remain whether all the creditors had been brought in. So it is not surprising to find that it has long been considered that the creditor beneficiaries need not be joined but would be represented by the trustees and bound by the decree against them. Story Eq. Pl.149 and 150; 42 C.J. 50.
The objection to the title is not well taken and the answer will be struck. *Page 284