New Jersey Franklinite Co. *v.* Ames.

Between THE NEW JERSEY FRANKLINITE COMPANY, appellants, and OAKES AMES, respondent.

The New Jersey Franklinite Company executed to the respondent a mortgage to foreclose which a bill was filed in the Court of Chancery. A second mortgage had been executed by the company to certain persons, as trustees, to secure the payment of bonds thereafter to be issued by the corporation. The trustees were parties defendants in this suit. A decree having been made in the court below to foreclose the mortgage, this appeal was taken; and on the cause being moved for argument, an application was made to introduce certain persons as defendants, who claimed to be *cestui que trusts* under the said second mortgage. *Held*—

1. That the *cestui que trusts* of a mortgagee are not *necessary* parties to a bill of foreclosure—whether such mortgage constitutes a prior or subsequent encumbrance, or whether the mortgagee be complainant or defendant.

2. That the constitutional jurisdiction of this court is altogether appellate, its office being simply to review the decrees of the Court of Chancery at the instance of a party aggrieved by the decision of that court; and that new parties to the suit cannot be admitted while the cause is on appeal in this court.

This cause coming on to be heard, a motion was made to join, as defendants to the suit, certain new parties. The grounds of the application appear in the opinion below.

Hon. *Caleb Cushing* (of Massachusetts), in support of motion.

*Attorney General*, contra.

The opinion of the Court on this motion was delivered by

Green, C. J. The respondent filed his bill in equity for the foreclosure of a mortgage given by the New Jersey Franklinite Company to the complainant below. After the execution of the mortgage to Ames, the company executed a second mortgage to certain persons, as trustees, to secure the payment of bonds thereafter to be issued by the corporation. The trustees are parties defendants in the suit. A decree was made in the Court of Chancery, in favor of the complainant, for the foreclosure of the mortgage and sale of the mortgaged premises. From that decree the company appealed, and the case is set down for hearing at the present term. Upon the cause being called for argument, an application is made to the court, on behalf of persons claiming to be *cestui que trusts* under the second encumbrance, alleging that they are holders of certain bonds secured by that mortgage.

The question is presented somewhat irregularly. It would have been in accordance with the settled practice in equity for the parties to have presented their case in writing, verified by affidavit, as the ground of their application. The case is now before us upon the mere verbal statement of counsel. This may have arisen from the peculiar character of the application. The case has been discussed by counsel without objection on this ground, and the point is adverted to only because it constrains the court to decide upon the motion at the hazard of mistaking the facts or misapprehending the views of the applicants, however precisely they may have been stated by counsel in argument. It is believed, however, that the case is sufficiently before us to dispose of the application finally upon its merits without further delay and without prejudice arising from any informality or irregularity in the mode of proceeding.

The application rests upon two distinct grounds.

New Jersey Franklinite Co. *v.* Ames.

1. That the *cestui que trusts* under the second mortgage are *necessary* parties to the bill of complaint, and that no final decree can regularly be made in the cause unless they are before the court.

It seems to be well settled that the *cestui que trusts* of a mortgagee are not necessary parties to a bill of foreclosure, whether such mortgage constitutes a prior or subsequent encumbrance, or whether the mortgagee be complainant or defendant in the suit. A final decree settling the rights of all parties to the controversy may be made without bringing such *cestui que trusts* before the court. *Willink* v. *The Morris Canal and Banking Co.*, 3 *Green's Ch. R.* 377; *Vanvechten* v. *Terry*, 2 *Johns. Ch. R.* 197.

So far as the facts of this case are disclosed before the court, there would seem to be peculiar reasons why the presence of the *cestui que trusts* ought not to be required. But the expression of a definite opinion on this point would be anticipating the question upon the final hearing. And this is the decisive answer to the application in this aspect, *viz.* that if the applicants are *necessary* parties to the bill, it constitutes a good ground for reversal upon appeal. If, upon the hearing of the appeal, it appears that the necessary parties are not before the court, the decree will be reversed, and the bill dismissed, or the cause remitted to the court below, to the end that proper parties may be added. It would be manifestly improper, upon a preliminary motion on behalf of a third party, to anticipate the views of the court upon final hearing.

2. It is further urged that if the *cestui que trusts* are not *necessary* parties, they are nevertheless *proper* parties, and that equity requires that they should be admitted to defend their rights.

This application is made to an appellate tribunal having no original jurisdiction. Its constitutional powers are purely appellate. Its office is simply to review the decrees of the Court of Chancery at the instance of a party aggrieved by the decision of that court, and to decide whether

the Chancellor erred or not upon the case before him. And admitting the power in this court to introduce new parties and new facts, how is the matter to be dealt with ? If the applicants' case is presented upon petition and affidavits, are they to be met by counter affidavits to ascertain the truth ? And when the facts are ascertained, if the court think that the applicants should be made parties, how is the bill to be amended, the parties to be brought before us, the pleadings to be filed, and the rights of parties to be settled in this court ? How many questions are we to settle that the Chancellor has never heard of in the cause ? What will the proceeding be but a bold and lawless usurpation of original jurisdiction ?

It would be doing great injustice to the learned and accomplished counsel of the applicants, who has been heard by the court with the highest satisfaction, to suppose that the difficulty did not present itself distinctly to his mind, and it would have been a great relief to the court if he had suggested some satisfactory mode in which this difficulty could have been overcome. Certainly it cannot be accomplished by this court's advising either the counsel or the Chancellor that equity requires the pleadings to be amended. We may, indeed, after a decree of reversal, give direction to the Chancellor for further proceedings. But to advise or decree the Court of Chancery to amend the proceedings—not from any matter apparent upon the pleadings or evidence in that court, but from facts disclosed originally in this court, by evidence taken here, would be alike unprecedented and illegal. And how, it may be asked, is an amendment to be made in the Court of Chancery, and new parties to be introduced, while a final decree of that court is standing unreversed and in full force.

But admitting the right and the propriety of the interference of this court—waiving all formal objection—looking solely, as the Chancellor might do, at the equity of the application—assuming, moreover, as true all the facts

stated by counsel without verification, is there either necessity or propriety in granting this motion?

It is clear that the *cestui que trusts* may be represented by their trustees. True they are not bound to defend them; but in point of fact the trustees have appeared and defended this suit. The main point in controversy, involving the extent of the complainants' rights under the first mortgage, have been heard and decided by the Chancellor. It is not suggested that the trustees have violated their duty, or have refused to defend, or that they are hostile to the interests of the *cestui que trusts*, or have taken any course to prejudice the rights of the bondholders.

Nor have the bondholders been taken by surprise. Though nonresidents, they were early apprized of the existence and progress of the suit. Some of the heaviest bondholders are witnesses in the cause, as well as officers of the corporation, and must have been acquainted with its progress; and there is good reason to believe that every available defence would have been resorted to, to protect their own rights, and consequently the rights of all the other bondholders of the same class and having the same interests.

Under such circumstances, it would neither be just nor equitable to arrest the complainants' case, after years of litigation, on the eve of a final hearing, upon the ground that the *cestui que trusts* may have some ground of equitable defence which the trustees have failed to present.

The bondholders are represented by and may defend in the name of their trustees. It has not been suggested that any objection would be made by the trustee to this course; and if such objection be made, the court will permit the *cestui que trusts* to be heard by their counsel upon the argument of the cause.

The motion must be denied.