## CHARLES O'NEILL

*v.*

## SIGMOND DRINGER and others.

Where a municipal charter does not directly declare that taxes shall be a lien paramount to mortgages on the lands assessed, such priority cannot be claimed from the mere fact that the charter allows mortgagees to redeem the premises after a tax sale.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. Geo. S. Hilton*, for complainant.

*Mr. J. W. Griggs*, for the city of Paterson.

THE CHANCELLOR.

The question presented for consideration is, whether, under the provisions of the charter of the city of Paterson (where the mortgaged premises are), the taxes which have been imposed since the giving of the complainant's mortgage, and are still unpaid, are a lien paramount to that mortgage. They were levied under the existing charter of the city, which was passed in 1871 (*P. L. 1871 p. 808*). The assessments were in the name of the mortgagor, who was, when they were made, in possession of the property, and was the owner of the equity of redemption. By the 40th section of the charter it is provided that the commissioners of assessment and revision shall divide the city into assessment districts, and proceed to make a full and fair valuation, enumeration and assessment of all the taxable property, real and personal, in the city (but mortgages on such property shall not be taxed in the hands of any person in this state), fixing upon the property such a value as would be fixed upon it by a creditor and solvent debtor on receiving and delivering it in payment of a fair and just debt due to the one from the other. By the 46th section it is provided that any assessment or· levy of taxes made after the approval of the charter, against any person, firm, company or corporation, on account of any lands, tenements, hereditaments or real estate of such person, firm, company or corporation, shall be and remain a lien on all the property on account of which the assessment is made, with twelve per centum interest thereon accruing, and all costs and penalties in relation to such assessments and the collection thereof, from the time when the taxes so

O'Neill *v.* Dringer.

assessed were payable. By subsequent sections it is provided that in case of non-payment of the taxes, the land may be sold for a term not exceeding fifty years. The 57th section provides that the purchaser shall, within two months after receiving the certificate of sale, give notice to the owner or owners of the property (or, if unknown, or his, her or their address cannot be ascertained, then the notice is to be served on the principal occupant of the property, if it be, in fact, occupied), where, by whom and for what term the property was bought, and when and at what expense it may be redeemed. The next section (the 58th) provides that at any time within twelve months after the issue of the certificate of sale the owner, mortgagee, tenant or any person having a legal or equitable interest in the property, or his, her or their agent or attorney, may redeem the property by paying to the receiver of taxes the money paid for the property, &c. The 59th section provides that, if the property be not so redeemed within the twelve months, the receiver of taxes shall deliver to the holder of the certificate a deed for the property, and that any person or persons, his, her or their legal representatives, to whom such deed shall be delivered, shall, by virtue thereof, be entitled to possession of, and shall hold and enjoy the property during the term for which he, she or they shall have purchased it, for his, her or their own proper use and benefit, against the owner or owners thereof, and all and every person or persons claiming under him, her or them, until the term for which he, she or they shall have purchased the property shall be fully completed and ended.

It will be seen that the provision of the charter by which taxes are made a lien upon the property on account of which they are assessed, is the same as that (part of a special law in that case) which was passed upon in this court in *Hopper* v. *Malleson's ex'rs, 1 C. E. Gr. 382*, and the provision of the general law which was adjudicated upon in *Morrow* v. *Dows, 1 Stew. 459.* The provision as to the

estate which the purchaser at a tax sale is to have, is also the same. The only difference is that in the charter there is a provision for redemption not only by the owner, but by a mortgagee, tenant, or any person having a legal or equitable interest in the property. There was no provision for redemption in the special law, and in the general law the right to redeem was given to the owner or owners only. The decisions in those cases govern this. It is insisted, however, that the provision for redemption by the mortgagee, tenant &c., in the charter, is strong evidence that the legislature intended to make the taxes a lien upon the interest of the mortgagee, and to bind that interest accordingly to the payment of the tax, but it is to be remarked that, though the charter provides for notice after the issuing of the certificate of sale, it is for notice to the owner or owners only. There is no provision for notice to the mortgagee. He, as well as a tenant or any other person having a legal or equitable interest in the property, may redeem, but the fact of the existence of that privilege does not lead to the conclusion that the legislature intended to bind the mortgagee's interest in the land to the payment of the tax.

In *Campbell* v. *Dewick, 5 C. E. Gr. 186,* it was held that under a charter of the city of Elizabeth the estate of a mortgagee was bound under such a provision for lien as is contained in the charter under consideration, for the tax assessed on account of the mortgaged premises; but the charter provided that no mortgagee should be divested of his rights in the property unless six months' notice, in writing, of the sale for taxes, had been given to him by the purchaser. To hold that, under the charter of Paterson, the interest of the mortgagee in the property is liable for the tax, is to hold that he is liable to be divested of his interest without notice. The charter provides for notice to the owner after the sale, before his estate can be divested, although the assessment is against him, and the tax has, it may be, been left unpaid by him willfully; but it does not provide for any notice whatever to the mortgagee. It

simply gives him the right to redeem. This privilege of redemption is no evidence that the legislature intended to make the tax a lien on the mortgagee's interest, but merely that it intended that he, having an interest in the property, might, if so disposed for any reason, put an end to the tax title. The charter of Trenton, which was the subject of adjudication in *Trustees &c.* v. *Trenton, 3 Stew. 667*, contains, it may be remarked, a provision that, before the rights of a mortgagee can be divested by a tax sale, he must have notice, and it provides not only, also, that he may redeem, but that if he redeems he shall have a lien upon the property for the money paid, and interest, and may recover it as if it had been included in his mortgage.

The complainant is entitled to priority over the city.