THE MAYOR and ALDERMEN OF THE CITY OF PATERSON, appellants,

*v.*

CHARLES O'NEILL and others, respondents.

Although a municipal charter did not expressly declare that taxes on lands within the city limits should be paramount to any lien thereon, yet taxes assessed subsequently to the making and recording of a mortgage on such lands, were held to be a prior lien, because such lands were, by the charter, to be assessed at their full and fair value; and mortgages thereon were not taxable in the hands of residents of this state; and a mortgagee or any person interested might redeem such premises after a tax sale; and that, notwithstanding the charter required the tax sale purchaser to give notice to the owner, after such purchase, and contained no express direction as to such notice being given to the mortgagee.

On appeal from a decree of the chancellor, reported in *O'Neill* v. *Dringer, 4 Stew. 507.*

*Mr. John W. Griggs,* for appellants, cited:

*Charter of Paterson, P. L. 1871 p. 825 § 40; P. L. 1876 p. 159, 160; Five County Act. P. L. 1868 p. 865, 1145; Parker*

City of Paterson *v.* O'Neill.

v. *Baxter, 2 Gray 185; Morrow* v. *Dows, 1 Stew. 459; Campbell* v. *Dewick, 5 C. E. Gr. 186; Hopper* v. *Malleson, 1 C. E. Gr. 386; Duncan* v. *Smith, 2 Vr. 325.*

*Mr. Geo. S. Hilton* and *Mr. J. D. Bedle,* for respondents, cited :

*Morrow* v. *Dows, 1 Stew. 459, 464; Hopper* v. *Malleson, 1 C. E. Gr. 382; Campbell* v. *Dewick, 5 C. E. Gr. 186; Trustees &c.* v. *Trenton, 3 Stew. 667, 675–678; Thompson* v. *Boyd, 1 Zab. 58, 65, 64; Wade* v. *Miller, 3 Vr. 296, 303; Hardenbergh* v. *Converse, 4 Stew. 500.*

The opinion of the court was delivered by

Dodd, J.

The appellants, the mayor and aldermen of the city of Paterson, are the defendants in a suit to foreclose a mortgage on premises in that city. By the decree below, the taxes assessed against the mortgaged premises for the years 1876, 1877 and 1878, under the city charter, were adjudged to be subsequent and not paramount liens to the mortgage, which was executed and recorded before the taxes were assessed. The controversy relates to this part of the decree, and turns upon the construction of the charter passed in 1871 (*P. L. 1871 p. 808*), before the making of the mortgage. The question to be decided is, whether the provisions of this charter disclose a legislative intent to postpone the lien of the mortgage to the lien of taxes subsequently assessed. I am of opinion that they do.

In *Hopper* v. *Malleson, 1 C. E. Gr. 382,* a special act relating to the county of Passaic, under which taxes had been assessed, was held not to show such intent. In that case, no provision was made enabling the mortgagee to redeem the premises after sale, while such provision was made in favor of the owner of the fee. This difference was pointed out by the chancellor as inconsistent with the ordinary ideas of justice, if the estates both of the owner and

the mortgagee were to be alike subject to the lien of the tax. Another circumstance pointed out in the same case by the court as being adverse to the existence of such intent, was the fact that, under the system of taxation then existing, the tax for the whole value of the land was not assessed upon the land as an entirety—the mortgagee being assessed indi-vidually for his interest in the land and the mortgagor only for the value of the equity of redemption. Notwithstanding the weight to which these two considerations relied on in that case for ascertaining the intent are entitled, the ques-tion was still said by the court to be not free from difficulty. In the present case, neither of these considerations is found. The city charter requires the land to be assessed for its full and fair value, and at the same time enacts that mortgages· on the land shall not be taxed in the hands of any person in this state. From these provisions, exempting from assess-ment the estate of the mortgagee, but imposing the assess-ment for its full value against the owner, and making such assessment valid notwithstanding any error or omission in naming the owner, together with the further important pro-vision that the mortgagee, tenant, or any person having a legal or equitable interest in the premises may redeem the same when sold at any time within twelve months from the issuing of the certificate of sale, I cannot doubt that the intention is evinced to make the lien of the tax para-mount to that of the mortgage. Unless this be so, no good or satisfactory reason is perceived why this provision on behalf of the mortgagee was enacted. If his estate were intended to be left unaffected by and paramount to the tax, why should he need to redeem? Why redeem or buy back what had not been sold away?

The case of *Morrow* v. *Dows*, *1 Stew. 459*, was decided upon statutory provisions similar to those in *Hopper* v. *Malleson*. In both cases the opportunity to redeem was given only to the owner, and they are, therefore, broadly distinguishable from this. The main stress of the argument against the priority of the tax lien in the present case, was put upon the ground,

City of Paterson *v.* O'Neill.

that while the charter requires the purchaser at the tax sale to give notice to the owner within two months after receiving his certificate of sale, it does not, in terms, require such notice to be given to the mortgagee. In the charters of Elizabeth and Trenton, drawn under review in this respect in the cases of *Campbell* v. *Dewick, 5 C. E. Gr. 186,* and *Trustees &c.* v. *Trenton, 3 Stew. 667,* notice to the mortgagee was made necessary before his title could be divested. But such requirement is one of legislative discretion, and must be regarded merely as an additional protection for the mortgagee. The absence of an express provision for notice does not conclusively manifest an intent that no notice shall be given. Whether, under the charter now in question, notice to the mortgagee by the holder of the tax title would be necessary, in order to cut off the mortgagee from the right to redeem, is a question not raised in this case, and no opinion respecting it is now meant to be intimated. The power of the legislature to make the tax lien superior to that of the mortgage, is not disputed. The only inquiry is, whether, in this case, the power is meant to be exercised. The view derived from the features of the charter above referred to, accords with the further enactments by which certificates of sale, when delivered by the receiver of taxes, who executes them, are required to be recorded in the books of his office, and the records kept open for public inspection. It is the duty of the receiver to make searches and give copies of certificates when required by any person concerned.

The view thus taken is promotive of the public welfare involved in the collection of taxes, while the opposite construction would be seriously detrimental.

The decree in this behalf should be reversed.

Decree unanimously reversed.