JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, LINDLEY M. GARRISON, EDMUND B. LEAMING, JAMES E. HOWELL AND EDWIN R. WALKER, VICE-CHANCELLORS.

HENRY V. MASSEY

*v.*

CAMDEN AND TRENTON RAILWAY COMPANY.

[Decided November 20th, 1908.]

The court which has appointed a receiver for a railroad will grant permission for a suit in a federal court to foreclose the first mortgage; there having been for four months default in payment of interest, and the conditions existing which by the terms of the mortgage make it the duty of the trustee to foreclose.

1

The Provident Life and Trust Company of Philadelphia, trustee for mortgage bondholders, having filed a petition praying leave to file a bill in the United States circuit court for the district of New Jersey for the foreclosure of a mortgage given by the Camden and Trenton Railway Company to said trustee for the security of bondholders, and Daniel Killian, one of the bondholders, having filed an answer to the petition, the matter came on for hearing before the chancellor upon the petition and answer.

*Messrs. Dickson, Beitler & McCouch* (of the Philadelphia bar), for the petitioner.

*Mr. Spencer Simpson,* for Daniel Killian, respondent.

*Mr. John M. Dickinson,* for Wilbur F. Sadler, Jr., receiver.

PITNEY, CHANCELLOR.

By decree made in this cause on the 18th day of February last, it was adjudged that the Camden and Trenton Railway Company was insolvent, and Wilbur F. Sadler, Jr., was appointed receiver for the creditors and stockholders of the company, with the usual powers, pursuant to sections 65 and 66 of the General Corporation act. *P. L. 1896 p. 298.* The receiver entered upon the discharge of his duties and took possession of the property of the defendant corporation, consisting principally of a system of railway situate in the counties of Mercer and Burlington in this state, with the rolling stock and other appurtenances thereto, and certain shares of the capital stock of two electric light and power companies of this state. He is still in possession and is operating the railway under the orders of this court.

The property of the defendant corporation at the time of the appointment of the receiver was and still is subject to the encumbrance of two mortgages made by the Camden and Trenton Railway Company to the Provident Life and Trust Company of Philadelphia, trustee; the first mortgage, dated November 1st, 1899, to secure $750,000 of mortgage bonds, of which $710,000 were and are outstanding, and the second mortgage, dated July

1st, 1901, given to secure $1,750,000 of mortgage bonds, of which $622,500 were and are outstanding. The appraised value of the total assets of the company that came to the hands of the receiver is less than $800,000. Unsecured claims aggregating more than $300,000 have been presented to the receiver.

The railway company is, and has been for more than four months, in default in the payment of the interest coupons upon the first mortgage, and by the terms of that instrument it is made the duty of the trustee, upon the request of the holders of one-half in amount of the bonds outstanding, either to take possession of the railroad or to institute proceedings at law or in equity upon the mortgage, or sell the property at public sale under the authority thereof.

The holders of much more than one-half of the first mortgage bonds have notified the trustee of default made in the payment of interest, and that more than four months have elapsed since such default, and have requested the trustee to proceed for the foreclosure of the mortgage. A foreclosure bill has been prepared to be filed in the circuit court of the United States against the Camden and Trenton Railway Company and the receiver and other parties interested.

Thereupon application is made to this court for leave to proceed with the foreclosure suit against the receiver.

The petition of the trust company sets forth that the administration of the receiver has been entirely satisfactory to the bondholders, and is believed by the trust company to have been in every respect judicious and efficient, and that it does not appear to the trust company to be necessary to ask for any change in the possession or operation of the railroad property until after the sale thereof and the settlement of the accounts of the receiver, unless in the opinion of this court it is desirable that the court having jurisdiction to foreclose the mortgage should also appoint a receiver, in which event and upon intimation to that effect the trust company will ask the federal court to make such appointment, and will nominate Mr. Sadler such receiver.

The present prayer of the petitioner is merely that leave be granted to file the foreclosure bill and to proceed thereunder to a decree of foreclosure and sale.

Upon reflection I am satisfied that this court ought not to place any obstacle in the way of proceedings to be taken by the trust company in behalf of the bondholders in the court selected by it to establish the lien of the mortgages and enforce the same for the security and benefit of the bondholders, provided the possession of the property by the receiver appointed by this court and the administration of the property by the receiver is not interfered with until the property is sold in the foreclosure suit.

An order will, therefore, be made granting leave to the trust company to file its proposed bill for foreclosure in the United States circuit court, and to proceed thereon against the receiver herein, as well as against the Camden and Trenton Railway Company and other proper parties to a decree of foreclosure and sale thereunder, upon terms, however, that this leave shall not extend to interfere with the present receivership or disturb the possession or control of the receiver or his management or administration of the estate of the insolvent corporation, nor shall extend to permit application to be made for the appointment of a receiver in the foreclosure suit, without the further order of this court.