HENRY W. BULL et al.

*v.*

INTERNATIONAL POWER COMPANY.

[Argued and decided December 11th, 1914.]

1. An application for the enforcement of a decree adjudging the defendant company insolvent, and appointing a receiver pending the appeal from such decree, should be granted, where it appears that opposition to, or rebellion against, the authority of this court has been attempted, in keeping from the receiver the possession of books and assets and documents of the company at a time when no appeal was pending from the decree.

2. In such case the order will be for the issuing of the injunction and the permitting of the receiver to take into his possession the assets of the defendant company, he not being allowed, however, to vote on any of its certificates of stock, or to sell, encumber or otherwise dispose of any of its assets or property, to the end that they may be recovered and husbanded, but not destroyed or impaired, pending the appeal.

---

*Messrs. Vroom, Dickinson & Bodine,* for the complainants.

*Messrs. Bleakly & Stockwell,* for the defendant.

WALKER, CHANCELLOR (orally).

I am prepared to decide this application now. I think this is a case in which, with propriety, the application for the enforcement of the decree pending the appeal may and should be granted. The bill and answers and the affidavits on the final

hearing on the application for adjudication of insolvency, and the appointment of a receiver, clearly showed that this defendant company had flouted a writ of *mandamus* issued out of the supreme court, commanding the company to exhibit its books to the complainants, or certain of them, and also an order of the supreme court afterwards made to bring those books into the state and leave them with the Corporation Trust Company, its registered agent in this state, so that they might be inspected by the complainants, or some of them.

It appears now fairly, I think, on these motion papers, that the same sort of opposition to, or rebellion against, the authority of this court has been attempted, in keeping from the receiver the possession of books and assets and documents of the company at a time when no appeal was pending from the court's decree adjudging insolvency and appointing the receiver.

Now, this is not a manufacturing corporation; it is not a business company carrying on transactions, the interruption of which might work some detriment to the company; on the contrary, it is what is known as a holding company; it simply has possession of securities which, under the preliminary injunction still in force, it has not the power and has not the liberty to sell, encumber, or otherwise dispose of. An appeal has been taken from the decree. That appeal cannot be heard until March next, and in the usual course, doubtless would not be decided until next June. If the decree of this court should be affirmed, and in the meantime, the receiver's hands should be tied, he would have no opportunity to pursue this company for the possession of its assets until some time next summer. I cannot see any impropriety whatever in putting him, so far as the court can put him in the possession of this company's property, namely, these securities, pending this appeal; and if, on its determination the decree should be reversed, the receiver by a single act, and in a few hours, could restore to the company the possession of its property, which, in his possession in the meantime, would be safeguarded and not invaded. So that I think this is, as I have said, pre-eminently a case where with propriety a decree may be, and I think should be, in all the circumstances, enforced pending the appeal.

You may take an order for the issuance of the injunction and the permitting of the receiver to take into his possession the assets of the defendant company, he not being allowed, however, to vote on any of its certificates of stock, or to sell, encumber or otherwise dispose of, any of the assets or property of the defendant company, to the end that they may be recovered and husbanded, but not destroyed or impaired, pending the appeal. Authority for such an order is to be found in *Ashby* v. *Yetter, 78 N. J. Eq. 173.*