The above cause is one for the foreclosure of a mortgage, and in it Mr. Max Grossman was appointed receiver for the defendant corporation. Application was made to a vice-chancellor for leave to make the receiver a party defendant in a certain suit in the court of chancery between John O. Wilson, complainant, and Ventnor Gardens, Incorporated, and *Page 358 
others, defendants, and the purpose of which suit is to foreclose a mortgage given by one Sullivan covering premises, the legal title to which is the Ventnor Gardens Company, Incorporated. Before an application was made to the vice-chancellor, an appeal had been taken from the order appointing the receiver, and it was alleged before the vice-chancellor that the jurisdiction of this court was thereby ousted pending the appeal, and that he was therefore powerless to make any order in the premises. This was stated to me by both sides upon the argument, and the vice-chancellor declined to make such order. I think that the vice-chancellor misconceived the power and authority of this court to make the order applied for, notwithstanding the appeal. Similar application is made before me on notice to the complainant and the receiver.
The case of Pennsylvania Railroad Co. v. National Docks,c., 54 N.J. Eq. 647, is relied upon to defeat this application. But, upon careful investigation, it will be found to have no such effect. Its holding is that the effect of filing an appeal from this court to the court of errors and appeals is to prevent the decree in the court of chancery from being used so as to destroy or impair the subject of the appeal, or being in any degree used for that purpose. Within the limits of that decision proceedings may be taken in chancery notwithstanding an appeal be pending. The opinion in the National Docks Case was written by the late Chief-Justice Beasley in 1896, and he wrote the earlier opinion of the court in Barton v. Long, 45 N.J. Eq. 160, in 1888, wherein it was held that the chancellor, after an appeal from an interlocutory order, may proceed to final hearing according to the rules of his court; but the party taking such final decree will run the risk of its being set aside if the interlocutory order shall be reversed by the higher court. Barton v. Long
is neither overruled nor differentiated in the National DocksCase, and is the law of this state.
In Ashby v. Yetter, 78 N.J. Eq. 173, this court held that if procedure in the court of chancery sought to be had after a cause has been appealed, is one calling for a new step or proceeding in that court in aid of the order or decree appealed from, for the protection and preservation of the subject of the *Page 359 
appeal, application for leave to so proceed must be made to that court, as it invokes original jurisdiction, and the court of errors and appeals, which is a court of appellate jurisdiction only, has no power to put such proceedings in motion in that court.
Now, I take it, that to permit the making of a receiver appointed by this court a party to another suit, pending an appeal from the order appointing him, is equivalent, in principle, to making an order in aid of a step in the particular proceeding in which the appeal is pending.
That an appeal does not stop the machinery of the lower court in all cases has been amply illustrated by decisions in the court of errors and appeals itself, one of which is Morton v. Beach,56 N.J. Eq. 791. There the late Mr. Justice Garrison, writing the opinion for that court, said (at p. 792): "The contention of the appellant is that her appeal from the interlocutory decree suspended the order for an accounting. It is said that the case of Pennsylvania Railroad Co. v. National Docks Railway Co., 9Dick. Ch. Rep. 647, is a precedent for this position. That case indubitably decided that the mere act of the appellant, in placing before this court the question whether the threatened destruction of its property was justifiable, preserved the property from destruction while the question was under consideration by this court. The opinion further intimated in no uncertain terms that this must be the effect of every appeal if the preservation of the subject of litigation be necessary to the remedy sought in this court. Neither this case nor the principle that it illustrates have any application to an appeal from a decree directing the taking of an account where there is no property to be preserved and no destruction to be averted."
In Bull v. International Power Co., 84 N.J. Eq. 209, this court held that an appeal from the court of chancery to the court of errors and appeals, while it removes the cause and thepotential record, does not actually remove the physical
record — that is, the papers constituting the record which remain in the court of chancery, whose jurisdiction over the record, pending appeal, is ousted only to the extent of preventing the decree in the court of chancery from destroying *Page 360 
or impairing the subject of the appeal, or being in any degree used for that purpose.
In Bull v. International Power Co., 85 N.J. Eq. 5, the court of chancery enforced a decree pending an appeal, to the end that the assets of the company might be recovered and husbanded, but not destroyed, pending such appeal; and the court of errors and appeals (S.C., Ibid. 204) considered the order made by the chancellor to be a proper exercise of his judicial power, and (quoting the oral opinion of the chancellor) affirmed the order.
And the ordinary held (In re Wandell, 92 N.J. Eq. 195, andIn re Bigelow, 94 N.J. Eq. 721, 722) that an appeal from the orphans court to the prerogative court had the same effect, and that the jurisdiction of the court below is ousted only to the extent of preventing the order or decree appealed from being used to destroy or impair the subject of the appeal, and that thatF jurisdiction, pending such appeal, still existed for purposes not inconsistent with the jurisdiction of the appellate court.
If the relief now and here sought cannot be granted the mortgagee is temporarily remediless, for the jurisdiction of the court of errors and appeals is altogether appellate and not at all original. Therefore, that court cannot give the wanted relief.
In New Jersey Franklinite Co. v. Ames, 12 N.J. Eq. 507,
application was made to that court to then and there admit parties to the controversy to defend their rights. Said Chief-Justice Green (at p. 510): "If the court think that the applicants should be made parties, how is the bill to be amended, the parties to be brought before us, the pleadings to be filed and the rights of the parties to be settled in this court? How many questions are we to settle that the chancellor has never heard of in the cause? What will the proceeding be but a bold and lawless usurpation of original jurisdiction?" See, also, Black
v. Delaware and Raritan Canal Co., 24 N.J. Eq. 455; Miller v.Miller, 81 N.J. Eq. 218.
The broad general rule established by weight of authority is that a receiver appointed by judicial authority cannot, in the absence of a statute to the contrary, be subjected to suit *Page 361 
without the leave of the court whose officer he is, granted in the cause in which he was appointed. 34 Cyc. 411. The court, which has appointed a receiver, will grant permission for a suit to foreclose a mortgage on property in his possession as receiver. Massey v. Trenton and Camden Railway Co., 75 N.J. Eq. 1.
And I think this may be done pending an appeal.
In my judgment the learned vice-chancellor took too narrow a view of the case of Pennsylvania Railroad v. National Docks, and I think, upon review of all the foregoing authorities, those in the court of errors and appeals and those in this court and the prerogative court, that the chancellor has the power to make, and should make, the order applied for on this motion.
In the particular circumstances of a given case terms might be imposed in the original order without waiting for counsel to make such a motion at the end of the other suit. See Massey v.Trenton and Camden Railway Co., supra (at p. 4).
But I cannot see how the question of the propriety of the appointment of a receiver for the defendant company as an insolvent corporation in this case, has any bearing as to whether or not the money is due upon the mortgages held against the property of the defendant by Mr. Wilson. And if a person holds a mortgage upon property he is entitled to foreclose it (Davis v.Flagg, 35 N.J. Eq. 491), and can enforce the decree by execution. W.D. Cashin Co. v. Alamac Hotel, Inc., 98 N.J. Eq. 432.
The defendant company, however, may apply for a stay of execution in the foreclosure suit if a final decree be entered, which stay will be granted if he shows that the execution of the decree would destroy or in anywise impair the subject of the appeal in this suit.
Order accordingly. *Page 362