This is a creditor's suit. The bill charges that the defendant Mary V. Wunschel, as administrator of the estate of the deceased debtor, transferred to the defendant Edward Transportation Company, a certain auto bus and franchise to operate the same, the property of the estate, but without receiving as administratrix any consideration; that the transfer was made for the purpose of defrauding complainant and that it rendered the estate insolvent; that the capital stock of the transportation company is held by Mrs. Wunschel, and her co-defendants, her mother and sister; that none of them paid any consideration for the stock. The bill prays, among other relief, that it be decreed that the transportation *Page 287 
company holds its assets, and the individual defendants hold their shares of the transportation stock, in trust for the estate of the deceased debtor, and that execution issue against the assets of the Transportation company and the shares of stock in order to make the debt due complainant.
By interlocutory order dated June 29th, 1937, William A. Kaufmann, Esq., was appointed custodial receiver of the transportation company pending final hearing and was given authority to operate its business. He promptly qualified and entered upon the performance of his duties. The drivers of the company's bus, Matto Lupo and Dominick Dimone, were retained by the receiver and directed to bring him daily the receipts of the operation.
The defendants appealed to the court of errors and appeals from the order appointing the custodial receiver and on July 27th, 1937, moved for a stay before Vice-Chancellor Stein. Although the motion was denied, counsel for defendants conceived that the appeal itself acted as a stay and he instructed Lupo and Dimone, who had theretofore been turning over the receipts to the receiver, to do so no longer. They have obeyed his instructions.
On petition of the receiver, Lupo, Dimone and Mrs. Wunschel were ordered to show cause why they should not deliver the jitney bus to the receiver in order to permit him to operate it and why they should not be held in contempt.
A litigant cannot be deprived of the substance of his right of appeal. If enforcement of the decree or order from which he appeals would have that effect, then enforcement must await the determination of the appeal. But if enforcement leaves the right of appeal unimpaired, then chancery may proceed with execution, notwithstanding the appeal. Thus it has been held that an appeal stays a final decree for alimony. Robinson v. Robinson,86 N.J. Eq. 165. And an injunction forbidding appellants to operate an inn. Schreiber v. Drosness, 100 N.J. Eq. 123. And an injunction requiring defendants to deliver shares of stock to complainant. Helbig v. Phillips, 109 N.J. Eq. 546. On the other hand, an appeal does not stay proceedings under an interlocutory decree for *Page 288 
an account. Morton v. Beach, 56 N.J. Eq. 791; Ashby v.Yetter, 78 N.J. Eq. 173. In the latter case, Chancellor Walker appointed a receiver of rents pending the appeal. He cited two unreported decisions of the court of errors and appeals: InLawton v. Bedell (see 71 Atl. Rep. 490), leave was given the respondent to apply to chancery to carry the decree into partial effect and especially to make provision for custody of assets. And in Forman v. Hinkel, on appeal from an interlocutory order to pay money into court, the respondent was given leave to apply in chancery for enforcement of the order. While the application in each of these cases was made to the appellate court, it might have been made, as Chancellor Walker pointed out, to the court of chancery, for the leave given by the court of errors and appeals was in effect a decision that enforcement of the decree pending appeal would not destroy the subject-matter of the appeal, or deprive appellant of his substantial right.
In Chesapeake and Ohio Railway Co. v. Swayze, 60 N.J. Eq. 417
(at p. 429), Vice-Chancellor Pitney, having restrained complainant from interfering with a receiver's possession of two steamships, denied a stay pending appeal and indeed directed the receiver to sell and impound the proceeds.
In Bull v. International Power Co., 85 N.J. Eq. 5; affirmed,Ibid. 204, pending appeal from a decree appointing a statutory receiver of a holding company, the chancellor ordered the receiver to take possession of the company's assets, saying that if the decree should be reversed, "the receiver, by a single act and in a few hours, could restore to the company the possession of its property which, in his possession in the meantime, would be safeguarded and not invaded." Two cases in which appellants were held guilty of contempt for violating an injunction from which an appeal had been taken, are Roseberg v. American Hoteland Garden Co., 95 N.J. Eq. 640, and In re Montclair, 112 N.J. Eq. 562.
In the case at hand, the custodial receiver was appointed in order to preserve the property which is in controversy, until the rights of the litigants could be finally determined. The appeal did not suspend his right to custody of the property *Page 289 
or his duty to protect it. Enforcement of the order will not impair the right of appellants to have their case fully heard and determined by the court of errors and appeals. Respondents will be ordered forthwith to surrender possession of the bus to the receiver and will be enjoined from interfering with his operation thereof.
On the subject of contempt, it appears that Lupo and Dimone were employed by the receiver as drivers of the bus, and as his agents had physical possession of it and collected the receipts. These receipts they have lately refused to turn over to him, but instead have paid them to Mrs. Wunschel's agent. This is clearly a contempt by the drivers, as well as Mrs. Wunschel, and it is so adjudged, and they will be committed until they account for the receipts.
The only argument advanced against adjudging the respondents guilty of contempt was that they are charged with a criminal contempt and that such a contempt must be prosecuted in an independent proceeding. It may be that the acts of the respondents constitute a criminal contempt and might be punished as such upon a proper prosecution. But they are also a civil contempt and in that aspect have been presented to the court. "In a civil contempt, the proceeding is remedial; it is a step in the cause, the object of which is to coerce one party for the benefit of the other party, to do or to refrain from doing some act specified in the order of the court. Hence, if imprisonment be ordered, it is remedial in purpose and coercive in character and to that end must relate to something to be done by the defendant, by the doing of which he may discharge himself. As quaintly expressed, the imprisoned `man carries the keys to his prison in his own pocket.'" Staley v. South Jersey Realty Co., 83 N.J. Eq. 300.
And as later remarked in the same case, the difference between the two sorts of imprisonment — imprisonment until the party performs the required act, and imprisonment for a definite term — serves as a practical test by which the two sorts of contempt may be distinguished. *Page 290