Complainant brings this bill of complaint to foreclose a tax sale certificate alleging that there is due thereon the sum of $44,670.75. The Fidelity Union Trust Company is named as defendant in its capacity as trustee, it being the holder of the legal title to the premises which title it acquired through foreclosure proceedings. *Page 93 
The Fidelity Union Trust Company filed answer wherein among other things it says that by order of this court on February 17th, 1942, Vincent J. Murphy, city collector of the City of Newark, was appointed receiver ex officio of the rents and income of the property described in the bill of complaint; that the receiver went into possession and collected the rents, issues and profits; that the trustee has no knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the bill of complaint that there is due to complainant $44,670.75 with interest thereon at the rate of eight per cent. per annum, besides subsequent municipal liens and statutory fees.
The answer of the defendant trustee admitting that it holds legal title to the premises says that the equitable title and beneficial interest in said premises is vested in the holders of participation certificates issued by defendant as trustee of Mortgage Investment No. 73971.
Complainant moves to strike the answer of the trustee upon the ground that the answer does not dispute the amount alleged to be due complainant or the validity of the tax sale proceedings and sale, and that the cestuis que trust, the holders of the participating certificates issued by the defendant as trustee of the mortgage investment, are not necessary parties to the suit.
The motion to strike the answer will be denied.
The trustee has not been in possession of said premises since the receiver was appointed February 17th, 1942, and while the bill of complaint prays that an accounting be taken of what is due and owing to the complainant for principal, interest and costs on its tax sale certificate and subsequent liens and statutory fees, opportunity should be afforded the defendant trustee to be present when the matter of the accounting by the tax collector for the rents and income of said premises is had. Such rents and income must be applied by the collector of taxes appointed as receiver in satisfaction of the delinquent assessment, taxes, c. There will be a reference to a special master. Datz v. Barry, 115 N.J. Eq. 84. The effect of the answer as filed is merely to require notice to be given to the defendant of the time and place where it *Page 94 
will undertake to prove the amount due. The master will take proof of the amount due on the tax sale certificate and of the rents and income collected to be applied in satisfaction of the debt and will afford opportunity to be heard thereon to the defendant trustee and the cestuis que trust.
There will be an order making the cestuis que trust parties defendant, such defendants to appear in these proceedings by a representative group notwithstanding R.S. 2:65-8.3. It is doubted whether such legislative provision is constitutional where the statute does not contain a provision making it reasonably probable that notice of these proceedings will be communicated to the cestuis que trust and where the provisions of the statute if followed, would operate to divest the cestuisque trust of their equitable right of redemption without an opportunity to be heard. Wuchter v. Pizzutti, 276 U.S. 13;72 L.Ed. 446. That cestuis que trust have an equitable title and cannot be barred of their right of redemption unless made parties is firmly established in this state by First National Bank ofUnion City v. Leslie, 106 N.J. Eq. 564; Pancoast v.Geishaker, 58 N.J. Eq. 537; Bank of Montclair v. Mallas,120 N.J. Eq. 611.
The foregoing is adopted as the opinion of the court and it is directed to be printed in the official reports.
 LUTHER A. CAMPBELL, C. *Page 95