This is a suit to compel defendant to perform his contract to purchase real estate. The sole defense is that plaintiffs' title is unmarketable.
There was a mortgage upon the premises to "Ella E. Barkalow, Trustee for Hannah B. Hall" when plaintiffs' grantor *Page 493 
instituted a foreclosure action upon its tax sale certificate to which the said trustee-mortgagee was made a party defendant. Defendant claims that in order to bar the mortgage the cestuique trust also should have been made a party to that suit, that the rights of the cestui subsist and the omission is a cloud upon the title.
R.S. 54:5-87.6 (P.L. 1939, c. 151) and R.S. 54:5-87.1 (P.L. 1938, c. 264) provide that it shall not be necessary in a tax sale certificate foreclosure to join as a defendant anycestui que trust of any interest held by a trustee for the benefit of the cestui, nor to so join the cestui of a mortgage. Regardless of the statute equity does not require the joinder of the cestui of a mortgage as a party in a suit to foreclose equity of redemption where the trustee is a party and certain to fully represent the interests of the cestui quetrust. New Jersey Franklinite Co. v. Ames, 12 N.J. Eq. 507
(E. A. 1859); Sweet v. Parker, 22 N.J. Eq. 453 (Ch.
1871); Fidelity Union Trust Co., etc., v. Gerber Bros., etc.,Inc., 123 N.J. Eq. 511 (Ch. 1938), and Halprin v. Meehan,137 N.J. Eq. 282 (Ch. 1945).
Defendant relies upon Newark v. Fidelity Union Trust Co.,137 N.J. Eq. 92 (Ch. 1943), and Bank of Montclair v. Mallas,120 N.J. Eq. 611 (Ch. 1936), for his contention that thecestui of the mortgage was a necessary party to the tax foreclosure proceedings. These cases dealt with cestuis who had equitable title to the lands involved in the foreclosures and this is the distinguishing characteristic suggested by Vice-Chancellor Bigelow in Fidelity Union Trust Co., etc., v.Gerber Bros., etc., Inc., supra, in concluding that they did not govern where the interest of the cestui was in a mortgage. The doubt expressed in these cases of the constitutionality of the statutory provisions concerning cestuis as parties in a mortgage foreclosure suit is not pertinent where, as here, the interest of the cestui is in a mortgage upon and not in the fee of the premises.
The answer is stricken and judgment rendered for plaintiffs upon the demand in the complaint. *Page 494